commissioner. I know not whether the city of Hamilton has such an officer now.

Section 3550 of the statutes does provide, that gas companies may be organized for the purpose for which this company was organized, and that they shall have the right to use the streets of cities for the purpose of laying down gas pipes and conducting gas through them to supply the citizens, "with the consent of the municipal authorities, and under such reasonable regulations as the municipal corporation may prescribe."

It is contended in this case that the municipal corporation must first be given the opportunity, in each particular instance, where the defendant company seeks to excavate the streets, to prescribe the regulations for that particular excavation.

There can be no doubt that the city may prescribe by ordinance such a regulation as the one indicated in the resolution which I have read.

Whether they can make such a regulation to apply to a particular corporation, and whether such regulation must be made by a general ordinance, regularly passed, may admit of doubt.

But this, I conceive, is not the question, presented in this case.

Let us assume that the city of Hamilton had a valid ordinance, prescribing just such a regulation as that indicated by the resolution referred to. Let us further suppose that the defendant company. without complying with its requirements, and without procuring any permit to open the streets, proceeded to do so.

Now, would the city of Hamilton under such circumstances have a standing in a court of equity to enjoin defendant from so proceeding? Assuming that defendant company has the right to do what it is doing by virtue of the ordinance of July 9, 1855, and that plaintiff shows no reason other than its failure to procure such permit, why it should not prosecute its work, will equity interfere to enjoin defendant on that account?

It has been repeatedly decided that courts of equity will not interfere by injunction to prevent the violation of a police regulation. Such regulations are to be enforced by the municipality by appropriate penalties prescribed. Where the sole standing of a complainant in equity is upon the ground that his adversary is about to violate such a regulation, I think he can not be heard.

In this case, plaintiff clearly can not be heard to complain of defendant's omission to procure such permit, unless plaintiff has been in some manner, or will be in some manner, injured thereby.

It does not appear in this case that any reason exists why plaintiff should refuse to grant such a permit if it were applied for. On the other hand, from all that appears on the hearing of this motion, defendant, upon application, would be entitled to receive such a permit from the plaintiff.

The thing which a court of equity will enjoin must be a nuisance, or a wrong in itself, and not something merely made so by ordinance or police regulation.

When a complainant seeks the extraordinary remedy of any injunction, the court will look to the substantial rights of the parties, and not to mere irregularities in the exercise of those rights.

It follows that the plaintiff has no right to the restraining order heretofore granted, and the same is dissolved.

C. R. Hartkopf, Alex S. Hume and Warren Gard, for Plaintiff.

M. O Burns and Robert Ramsey, for Defendant.

---

(Superior Court of Cincinnati, 1901.)

WEBER v. NALTNER.

While under the old chancery practice claims against a receiver, like those against the estate in receivership, were presented by intervening petition; under the code such claims may be presented by cross-petition, or even by mere motion.

Where, without formal leave a person interested comes into the case, and his application is entertained by the court, and his claim heard and determined on the merits, such action of the court is equivalent to a leave to come into the case, notwithstanding such informality.

---

DEMPSEY, J.

The motion herein filed must be granted on the ground that the matters presented by said answer and petition have been once before presented to the court by said Burton on a motion made at least in open court and were determined by a hearing on the evidence before his Honor Judge Jackson. The plea presented by this answering defendant that he was not formally made a party defendant herein, and that he now wishes to have this answer and cross-petition filed so that he can make a perfect record is answered by the fact that the state of the record shows that his application was formally presented to the court, although he was not formally made a party; that it was heard upon its merits, and was denied. Claims against a receiver, like those against the estate in receivership under the old chancery petition were presented by intervening petition. See Beach on Receivers, section 819, Alderson's Ed. Under the code, I see no reason why they might not be presented by what is now designated a cross-petition, or

even by motion. A motion it seems to me would be a proper method of calling the court's attention to claims against the receiver, and asking an order on him for the payment thereof. Of course, the person interested urged to have leave to come in; but where without formal leave, the person did come in, and his application was entertained by the court, and passed upon, all of which the record shows, the very action of the court is equivalent and more than an equivalent to a leave to come in, and especially as no objection was interposed to the informality of the application. See Myers v. Fenn, 5 Wallace, 205. My judgment is that Mr. Burton is now in this case; that he has had his claim adjudicated in this case, and that he cannot now have it even formally passed upon under a new answer and cross-petition.

Motion granted.

Wm. Worthington, for the motion.

Clyde Johnson, contra.